# PELTON & ASSOCIATES PC

ATTORNEYS AT LAW

111 BROADWAY, SUITE 901, NEW YORK, NY 10006
PHONE: (212) 385-9700 | FAX: (212) 385-0800 | WEBSITE: www.peltonlaw.com

| | | |
|---|---|---|
| **BRENT E. PELTON**<br>E-MAIL: pelton@peltonlaw.com | September 29, 2011 | FILE NO.<br>1372-01 |

<u>VIA ECF</u>

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Jesus Acosta Artica, et al. v. J.B. Custom Masonry & Concrete, Inc., et al.*
              <u>Civil Action No. 09-cv-03796 (CBA)(RER)</u>

Dear Judge Reyes:

    As you are aware, this firm represents Plaintiffs in the above-referenced action and the associated action *Artica et al v. J.B. Custom Masonry & Concrete, Inc. et al* (11-cv-00842)(CBA)(RER). In accordance with your Honor's Individual Practices, we write to inform you that the Plaintiffs intend to file a Motion for Temporary Restraining Order, Preliminary Injunctive Relief and Order of Attachment ("Motion for Attachment").

    Plaintiffs' Motion for Attachment will seek an Order from the Court: (i) attaching defendants real and personal property in the amount of $4,500,000.00, or such other amount as the Court deems appropriate; (ii) enjoining the defendants and their agents, servants, employees, attorneys and all persons in active concert and privity with them, during the pendency of this action from in any way withdrawing, transferring, liquidating, trading, selling or in any way utilizing or appropriating funds or property of J.B. Custom Masonry & Concrete, Inc., J.B. Custom Corp., J.B. Residential LLC, J.B. Holding & Property Corp., Alfredo J. Battaglia, Josephine Battaglia and John Battaglia; (iii) temporarily restraining Defendants and their agents, servants, employees, attorneys and all persons in active concert and privity with them, pending a hearing on plaintiffs' application for an order of attachment pursuant to Fed. R. Civ. P. 64 and N.Y. CPLR § 6210, from in any way withdrawing, transferring, liquidating, trading, selling or in any way utilizing or appropriating funds or property of J.B. Custom Masonry & Concrete, Inc., J.B. Custom Corp., J.B. Residential LLC, J.B. Holding & Property Corp., Alfredo J. Battaglia, Josephine Battaglia and John Battaglia; and (iv) directing that the requested temporary restraints be granted without condition that a bond be filed, in view of the fact that no economic or other injury will result as a consequence of the issuance of such temporary restraints.

Plaintiffs' intent to file the Motion for Attachment is based on, among other things, the following facts:

- On September 13, 2010, Defendant Alfredo J. Battaglia transferred real property valued at approximately $459,000.00 to a shell corporation, "157-19 84th Street Corp.," in consideration of ten dollars. The signatory on behalf of 157-19 84th Street Corp. was Rosa Samaras, Alfredo Battaglia's sister-in-law and long term employee of Defendants.

- On September 13, 2010, Defendant Alfredo J. Battaglia also transferred real property valued at approximately $540,000.00 to a shell corporation, "160-43 85th Street, LLC," in consideration of ten dollars. The signatory on behalf of 160-43 85th Street, LLC was also Rosa Samaras.

- Plaintiffs' counsel was informed by Defendants' previous counsel in approximately December 2010 that Defendant Alfredo J. Battaglia was consulting with bankruptcy/insolvency counsel in an effort to avoid paying a judgment.

- Plaintiffs have sought confirmation from Defendants' counsel that Defendants have not and are not transferring assets in anticipation of the upcoming trial, yet Defendants' counsel has refused to admit or deny that such transfers have taken place.

### **Attachment Pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 6201**

"Prejudgment attachment is a provisional remedy to secure a debt by preliminary levy upon the property of the debtor in order to conserve that property for eventual execution." *Monteleone v. Leverage Group*, No. 08-CV-1986, 2008 U.S. Dist. LEXIS 78983, 2008 WL 4541124, at *6 (E.D.N.Y. Oct. 7, 2008). Federal Rule of Civil Procedure 64 permits federal litigants to seek an order of attachment in the manner provided by the law of the state in which the district court sits. Under New York law, a plaintiff may obtain an order of attachment if it demonstrates that (1) it has stated a claim for a money judgment; (2) it has a probability of success on the merits; (3) the defendant, "with the intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiffs' favor, has assigned, disposed of, encumbered, or secreted property, or removed it from the state or is about to do any of these acts," and (4) the amount demanded from the defendant is greater than the amount of all counterclaims known to plaintiff. N.Y. C.P.L.R. §§ 6212(a), 6201(3). Plaintiffs can easily satisfy each of these elements.

Here, it is undisputed that Plaintiffs seek a monetary judgment and that the amount demanded from Defendants is greater than the amount of all counterclaims (of which currently there are none). Further, Plaintiffs assert that their probability of success on the merits is very high, given Defendants' admissions regarding, among other things, their failure to pay overtime and failure to maintain accurate records of hours worked and wages received. Finally, Defendants' transfer of approximately $1 million in assets to shell corporations and Defendants' previous counsel's information regarding the prospect of bankruptcy is evidence of Defendants' intent to frustrate the enforcement of a judgment that might be rendered in Plaintiffs' favor.

**Temporary Restraints Pursuant to Fed. R. Civ. P. 64**

Having established a strong basis for an Order of Attachment, Plaintiffs believe that the Court should impose temporary restraints pursuant to N.Y. C.P.L.R. § 6210 pending the resolution of this action. Temporary restraints are especially needed here given Defendant Alfredo Battaglia's demonstrated propensity for transferring assets and property, coupled with his insistence that he "paid his workers what they were worth"[1] and that certain plaintiffs are "worth zero."[2] Indeed, N.Y. C.P.L.R. § 6210 specifically provides that upon the making of a motion for attachment, a Court may grant temporary restraints prohibiting the transfer of assets by a defendant. *McKinney's Commentary* C6210:1.

**Preliminary Injunctive Relief Pursuant to Fed. R. Civ. P. 65**

In order for Plaintiffs to obtain the requested preliminary injunction relief pursuant to Fed. R. Civ. P. 65, they must show a threat of irreparable injury and either (1) a probability of success on the merits, or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party. *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004). As described above, Plaintiffs will easily be able to meet the standard for probability of success on the merits or at least sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation. Plaintiffs are equally confident that a balancing of hardships would unquestionably weigh in their favor and against the Defendant who boasts of being "worth past $15 million."[3] As for the threat of irreparable injury, such "irreparable harm may exist where 'but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied.'" *Quantum Corporate Funding, Ltd. v. Assist You Home Health Care Services of Virginia, LLC, et al*. (S.D.N.Y. 2001) (quoting *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999)). Preliminary injunctions are therefore appropriate to thwart a defendant from making a judgment uncollectible. *See id*.

As demonstrated above, Plaintiffs are justifiably concerned that without the entry of temporary restraints Defendants will continue to transfer assets in an attempt to ensure that any judgment obtained by Plaintiffs will be uncollectible.

We appreciate your attention to this matter. Should you have any questions regarding this request, please feel free to contact the undersigned.

Respectfully Submitted,

*/s/ Brent E. Pelton*

---

[1] *See* Alfredo J. Battaglia Deposition Transcript at 224:21-24.
[2] A copy of the full transcripts of the phone call Defendant Alfredo J. Battaglia made to Plaintiff Jaime Rivas was attached as Exhibit B to Plaintiffs' Reply in Further Support of Plaintiffs' Motion to Amend and Consolidate (Docket No. 53).
[3] *See* Transcript of Defendant Alfredo J. Battaglia's phone call to Plaintiff Jaime Rivas (Docket No. 53).

Honorable Ramon E. Reyes, Jr.
September 29, 2011
Page **4** of **4**

            Brent E. Pelton, Esq. of
            PELTON & ASSOCIATES PC


cc:   Thomas Gearon, Esq. *(via Email)*
    Leo Clarke, Esq. *(via Email)*
    Dorothy A. O'Brien, Esq. *(via Email)*