UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JESUS ACOSTA ARTICA, et al.,

                          Plaintiffs,                  **SUMMARY ORDER**

      -against-                                09-CV-3796 (RER)

J.B. CUSTOM MASONRY & CONCRETE,
INC., et al.

                          Defendants.
--------------------------------------------------------X
--------------------------------------------------------X
JESUS ACOSTA ARTICA, et al.,

                          Plaintiffs,

      -against-                                11-CV-0842 (RER)

J.B. CUSTOM MASONRY & CONCRETE,
INC., et al.

                          Defendants.
--------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

       Defendants, J.B. Custom Masonry & Concrete, Inc.; J.B. Custom Corp.; J.B. Holding & Property Corp.; J.B. Residential, LLC; Alfredo J. Battaglia; John Battaglia; Josephine Battaglia; and Salvatore Mannino (collectively, "Defendants"), have moved in limine to either dismiss the action under docket number 11-cv-0842 for failure to serve the summons and complaint (Docket No. 85), or to adjourn the trial in part for the purpose of making a formal motion to that effect (Docket Nos. 104, 14).  For the reasons which follow, both motions are denied.

       The action under docket number 11-cv-0842 was commenced on February 18, 2011 and consolidated with the action under docket number 09-cv-3796 for discovery purposes.  At the

time, the Court indicated that it would be up to the trial judge to determine whether the actions would be tried together.  According to Defendants, a copy of the summons and complaint was not properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure upon each defendant within 120 days of filing the action.

It is well-settled that lack of personal jurisdiction is a privileged defense that can be waived "by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939).  The Second Circuit has also advised that a defendant can forfeit the personal jurisdiction defense arising from improper service of process even when it has been included in the answer. *Datskow v. Teledyne, Inc. Continental Products Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990) (holding that defendant forfeited personal jurisdiction defense as a result of participation in conference with magistrate judge to schedule discovery and motions).  Additionally, a defense of improper service of process was found to be waived where defendants appeared through counsel at conferences without raising the defense and only raised the defense on the eve of trial. *Bak v. Berman Enter., Inc.*, No. 91-CV-0206 (CPS), 1992 WL 373762, at *3 (E.D.N.Y. Dec. 7, 1992).

In this case, although Defendants may not have been properly served with the summons and complaint within the 120-day period provided by the Rules, they have unquestionably submitted themselves to the jurisdiction of this Court.  On July 14, 2011, counsel for Defendants appeared at the final pretrial conference in both cases.  During this appearance, counsel never once noted that his appearance was of a limited nature or that his clients were challenging the Court's assertion of personal jurisdiction over them.  On September 15, 2011, Defendants submitted a form consenting to the jurisdiction of the undersigned for trial.  The next day, on

September 16, 2011, Defendants submitted a joint pretrial order in which they raised no objection to the Court's assertion of personal jurisdiction over them.  Finally, on September 23, 2011, Defendants participated through counsel in a telephone conference to discuss moving the trial to a later date.  All of this occurred *after* the expiration of the 120-day period for service provided by the Rules.

      Consequently, Defendants' participation in the final pretrial conference on July 14, 2011, their submission of a consent to have the case tried by a magistrate judge on September 15, 2011, their submission of a joint pretrial order on September 16, 2011, and their participation in the conference to adjust the trial date on September 23, 2011, all without objection to the Court's exercise of personal jurisdiction over them, resulted in a waiver of their personal jurisdiction defense.  The motions are therefore denied in their entirety.

Dated: October 21, 2011
       Brooklyn, New York

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**