# Law Offices of Thomas D. Gearon, P.C.

Queens Crossing
136-20 38th Avenue Suite 10E
Flushing, New York 11354
Tel: 718-395-8628
Fax: 718-395-8629

March 29, 2011

*Filed via ECF*

Honorable Ramon E. Reyes, Jr.
U.S. Magistrate Judge
United States District Court
Eastern District 225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Artica v. J.B. Custom Masonry & Concrete, Inc.*
      Civ. No. 09-03796; 11-cv-842

Dear Judge Reyes:

      The Defendants represented by the Law Offices of Thomas D. Gearon, P.C. respond to Plaintiffs' letter of December 13, 2011 (Dkt #130; the "Request") seeking to have judgment entered against all Defendants in the captioned matters in the amount of $940,000 plus interests and costs. We have been authorized by the other Defendants in Case No. 11-cv-842to state that they join in this letter.

The Request is deficient both procedurally and legally.  As to procedure, Plaintiffs' letter does not qualify as either a pre-motion letter under the Court's Practices or as a motion under the Civil Rules; it cites neither sworn factual support nor court transcripts; and it does not cite any authority for the novel proposition it presents. Contrary to the Request, the Court could not find and did not find on December 6 that the settlement in principle was fair and reasonable; and counsel for the defendants made it explicitly clear several times at the December 6 hearing that the enforceability of the settlement in principle was conditioned on execution of a definitive agreement to be negotiated in good faith.

As a legal matter, the Request is without merit for a multitude of reasons.  Suffice it to say that the Request ignores the fundamental principle of contract law that a party cannot sue to enforce a contract unless the agreement is sufficiently definite and the party seeking to enforce it has first tendered performance.  The Request, however, fails to make any showing, or even assert that a definitive agreement has been reached, that any Plaintiff has tendered the payroll information that is an agreed condition precedent to any obligation to perform, that an agreement has been reached regarding collateral, or that the scope of the release has been agreed upon.

Judge Reyes, Jr.
December 19, 2011
Page 2 of 2

Plaintiffs do not even assert that an order was made or an agreement reached regarding the date on which J. B. Custom Masonry or Joe Battaglia was required to make a deposit into escrow.  Nor have they shown that any order was made or agreement reached as to the consequences of any failure to make an escrow deposit in the absence of a definitive agreement.

Plaintiffs have refused to address the open issues identified by Defendants' lawyers and instead improperly seek to use the Court as a bludgeon to rewrite the agreement in principle.  Defendants remain willing to settle the case in accordance with the settlement in principle as long as Defendants' legitimate interests are protected.  If Plaintiffs are not willing to reach an agreement on all open issues, then Defendants will have no choice but to try the case.

                Respectfully submitted,

                LAW OFFICE OF THOMAS D. GEARON, P.C.


                By:   s/Leo L. Clarke (LC 1540)