# Law Offices of Thomas D. Gearon, P.C.

Queens Crossing
136-20 38th Avenue Suite 10E
Flushing, New York 11354
Tel: 718-395-8628
Fax: 718-395-8629

January 13, 2012

*Filed via ECF*

Honorable Ramon E. Reyes, Jr.
U.S. Magistrate Judge
United States District Court
Eastern District 225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Artica v. J.B. Custom Masonry & Concrete, Inc.,* Civ. Nos. 09-cv-03796 & 11-cv-00842

Dear Judge Reyes:

Defendant Alfredo Battaglia responds to Plaintiffs' January 10, 2012 "request" (Dkt. # 132) that the court "re-open" discovery.  The letter does not purport to be a pre-motion letter or a motion, but simply an unsupported *request* that the Court allow accelerated discovery as to the collectability of a judgment Plaintiffs have yet to obtain or establish they will ever obtain.

***No factual support.***  Plaintiffs have offered no sworn testimony, not even a declaration from counsel or anyone else purporting to have personal knowledge of foundational facts. Plaintiffs offer nothing but unsworn speculation that anything has occurred that could even remotely jeopardize Plaintiffs' ability to collect any judgment they might receive.  The notion that any defendant should be required to respond to such an unsupported allegation is contrary to fundamental principles of American jurisprudence.

***No legal support.***  Nor have Plaintiffs offered even a single citation to support their assumption that the availability of assets to satisfy a judgment falls within the scope of pre-trial discovery.  Nor have they offered any authority to show that good cause exists to reopen discovery, as required by F.R.C.P. 16, even though the Court has already considered a similar request and refused to re-open discovery.  Nor have they offered any authority to even suggest that any of the alleged transactions were unlawful or fraudulent in any way.  Finally, Plaintiffs have offered no justification for the oppressively accelerated discovery, both written and deposition, that they request.

Judge Reyes, Jr.
January 13, 2012
Page 2 of 2

***The "request" is contrary to settled law.*** Given the short period between the request and the deadline for filing this response, Mr. Battaglia should not have to rebut innuendo or unsupported arguments, either factual or legal, that Plaintiffs have failed to support. Suffice it to say that the U.S. Supreme Court held in *Grupo Mexicano De Desarrollo, S. A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999), that a federal court has no authority to issue an injunction to prevent a defendant from disposing of assets pending adjudication of an action for money damages. Thus, discovery into any alleged disposition cannot be relevant to any issue in the case and is thus outside the scope of discovery under F.R.C.P. 26.

In summary, Plaintiffs' repetitive "request" should be denied without further briefing or argument. At a minimum, Plaintiffs should be directed to support their "request" with a motion that complies with the Federal Rules and the Local Rules so that the Court has an opportunity to fully consider the issues.

Respectfully submitted,

LAW OFFICE OF THOMAS D. GEARON, P.C.


By:   s/Thomas D. Gearon