**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JESUS ACOSTA ARTICA, et al.,

                          Plaintiffs,

               -against-

J.B. CUSTOM MASONRY & CONCRETE, INC.,
et al.

                          Defendants.
-------------------------------------------------------------------X

-------------------------------------------------------------------X
JESUS ACOSTA ARTICA, et al.,

                          Plaintiffs,

               -against-

J.B. CUSTOM MASONRY & CONCRETE, INC.,
et al.

                          Defendants.
-------------------------------------------------------------------X

**AMENDED SUPPLEMENTAL**
**MEMORANDUM & ORDER**

09-CV-3796 (RER)

11-CV-0842 (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

This brief Order serves to amend the 7/16/2012 Supplemental Order in two respects:

1.     <u>Liability on Assault and Battery Claims</u>

        Plaintiff Ernesto Galeano is entitled to $482,611.30 in damages for his assault and battery

claims.  Defendants' liability is as follows: Defendants Alfredo "Joe" Battaglia, J.B. Custom

Masonry & Concrete, Inc., J.B. Holding & Property Corp., J.B. Residential, LLC, and Salvatore

Mannino are jointly and severally liable for $52,611.30, which represents compensatory damages

and prejudgment interest.  Defendants Alfredo "Joe" Battaglia, J.B. Custom Masonry &

Concrete, Inc., J.B. Holding & Property Corp., and J.B. Residential, LLC are jointly and

severally liable for $350,000.00 in punitive damages, for which they are solely responsible.

Defendant Salvatore Mannino is liable for $80,000.00 in punitive damages, for which he is solely

responsible.

2.      Liability for Attorney's Fees and Costs

Plaintiffs are entitled to an award of $443,975.40 for attorney's fees and costs.  "The

allocation of fee liability between defendants is not mandated but rather is within the discretion

of the district court." *See Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 390

(S.D.N.Y. 2000) (citing *Koster v. Perales*, 903 F.2d 131, 139 (2d Cir.1990)).  *"*When allocating

fees, the Court should make every effort to achieve the most fair and sensible solution that is

possible." *Id.* (internal quotation marks omitted).  In allocating fee liability, courts consider the

relative culpability of the parties and the time spent litigating against each defendant.  *Id*.  Here,

the jury found Salvatore Mannino liable only for Galeano's assault and battery claims against

him, which comprise a very small proportion of the damages awarded for what was

overwhelmingly a muti-Plaintiff action about wage and hour violations pursuant to the Fair

Labor Standards Act and the New York Labor Law.  Additionally, Mannino is liable only for

state law claims where attorney's fees are generally not recoverable.  *See Baker v. Health Mgmt.*

*Sys., Inc.*, 98 N.Y.2d 80, 88 (2002) ("The American Rule provides that attorney's fees are

incidents of litigation and a prevailing party may not collect them from the loser unless an award

is authorized by agreement between the parties, statute or court rule.") (citation and quotation

marks omitted).  I therefore find that Salvatore Mannino is not liable for attorney's fees and

costs.

The 7/16/2012 Order is hereby amended in accordance with the foregoing, and any part

of that Order inconsistent herewith is vacated.


**Dated: July 20, 2012**
        **Brooklyn, New York**


*Ramon E. Reyes Jr.*

**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

3